**Norberto MEDINA–PEREZ, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–71924.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 10, 2007.

Norberto Medina–Perez, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert N. Markle, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Norberto Medina–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, and we review questions of law de novo. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA acted within its discretion in denying the motion to reopen for failure to establish prejudice because Medina–Perez's contention that a notary's advice led to the institution of removal proceedings is unavailing. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004) ("Removal proceedings do not become constitutionally unfair simply because they are precipitated in part by a [representative's] advice ... or because the illegal alien might believe that he could avoid detection until eligible for another form of relief.")

The BIA did not abuse its discretion in concluding that Medina–Perez failed to provide evidence to support his claim that he was able to adjust status based on an

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

employment-based visa. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.")

We reject as unpersuasive Medina–Perez's contention that the Illegal Immigration Reform and Immigrant Responsibility Act's repeal of suspension of deportation relief violates equal protection or due process. *See Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) ("Line-drawing decisions made by Congress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose.").

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.